IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBINO MURO, | ) |
| | ) |
| Petitioner, | ) |
| | )   NO. 2:05-cv-1131 |
| v. | )   Judge Thomas M. Hardiman |
| JOSEPH J. PIAZZA, et al, | ) |
| | )   Magistrate Judge |
| Respondents. | )   Amy Reynolds Hay |

**MEMORANDUM ORDER**

This is a federal habeas corpus case brought under 28 U.S.C. § 2254, and it is before the Court on objections filed by Albino Muro (Doc. 21), to the Report and Recommendation ("R&R") of Magistrate Judge Amy Reynolds Hay (Doc. 16). In the R&R, Magistrate Judge Hay recommends that Muro's petition be denied and that a certificate of appealability be denied.

Where, as here, objections have been filed, the Court is required to make a *de novo* determination as to those portions of the R&R to which objections were made. See 28 U.S.C.§ 636(b)(1). Accordingly, the Court has carefully examined *de novo* all claims raised by Muro in his objections. As set forth below, none of Muro's objections has merit.

First, Muro objects to the Magistrate Judge's "conclusion" that the trial transcript reveals that his trial attorney, Sumner Parker, Esq., requested a continuance not based on an illness, as Muro contended in his petition, but because he (Parker) had a series of other homicide cases already scheduled and because a piece of correspondence, authored by Muro, had just been delivered to counsel that same morning. (See 1/6/99 N.T. at 102-04). This objection has no effect on the merit of Muro's claim. Even if the record supported Muro's recitation of the facts (which it does not), it simply does not matter upon which basis Attorney Parker requested a

continuance. As the Magistrate Judge explained in the R&R, Muro's claim that the trial court erred when it denied the defense's motion for a continuance (Ground IV of the petition) is not cognizable in federal habeas corpus review. See e.g., Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); see also Priester v. Vaughn, 382 F.3d 394, 401 (3d Cir. 2004) (federal habeas court cannot "reexamine state court determinations on state-law questions.")

In his second objection, Muro argues "that the Magistrate Judge's conclusion that the Superior Court of Pennsylvania correctly concluded that his wife's, Valerie Muro's, testimony was not privilege[d] and fell within an exception to the spousal privilege rule is respectfully misplaced." (Doc. 21 at 2). The Magistrate Judge did not, however, determine that Valerie Muro's testimony was privileged. Rather, the Magistrate Judge explained (in the context of examining Muro's claim that Attorney Parker provided him with ineffective assistance of counsel for failing to object to his wife's testimony) that the *Superior Court of Pennsylvania had determined* that Valerie Muro's testimony fell within an exception to the spousal privilege rule. (Doc. 16 at 11). That decision by the Superior Court also is a decision of state law, which is not reviewable by the federal habeas court. Estelle, 502 U.S. at 67; Priester, 382 F.3d at 401.

Third, Muro objects to the Magistrate Judge's determination that his claims of prosecutorial misconduct are procedurally defaulted. By way of background, the Superior Court considered Muro's claims of prosecutorial misconduct during the PCRA appeal. (Doc. 12, Ex. 15 at 7). It held that each claim was waived because it could have been, but was not, raised on direct appeal. (Id. (citing 42 PA.CONS.STAT. § 9544(b)). In their Answer, Respondents contend

2

that the prosecutorial misconduct claims are barred by the doctrine of procedural default. This doctrine dictates that federal courts will not review a state court decision involving a question of federal law if the state court decision is based on state law that is "independent" of the federal question and "adequate" to support the judgment. See e.g., Coleman v. Thompson, 501 U.S. 722, 750 (1991).

As the Magistrate Judge explained, the Superior Court's decision to deny Muro relief based upon a state procedural ground was based on a state rule that was "independent" of federal law and "adequate," since, at the time of Muro's waiver (when he was pursing his direct appeal), Pennsylvania appellate courts consistently and regularly dismissed review of waived claims in non-capital cases. As a result, this Court "may only reach the merits [of Muro's prosecutorial misconduct claims] if [he] makes a showing of 'cause and prejudice' or establishes a fundamental miscarriage of justice." Whitney v. Horn, 280 F.3d 240, 252-53 (3d Cir. 2002). Muro points to no evidence – in either his petition or in his objections to the R&R – to demonstrate "cause" for default, as is his burden. Lines v. Larkin, 208 F.3d 153, 165 (3d Cir. 2000). Nor has he established the existence of a fundamental miscarriage of justice. See Werts v. Vaughn, 228 F.3d 178, 189 (3d Cir. 2000). As a result, his prosecutorial misconduct claims are procedurally barred, and this Court may not review them on the merits.

Muro also directs the Court to a reference Judge McDaniel made in her June 21, 2004 opinion to "Mr. Narvin's 'no-merit' letter." (Doc. 12, Ex. 13 at 5). Muro states that he does not know Mr. Narvin, and that a Mr. Narvin did not represent him during the PCRA proceedings. (Doc. 21 at 10). This Court is satisfied, however, that Judge McDaniel's reference to Mr. Narvin is merely a typographical error, and that she meant to refer to Scott Coffey's "no-merit" letter, as

Attorney Coffey was appointed to represent Muro during the PCRA proceedings and it was he who had filed a Motion for Leave to Withdraw accompanied by a fourteen-page letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988), in which he asserted that the issues raised in Muro's PCRA petition were without arguable merit. (Doc. 12, Ex. 7). In any event, the erroneous reference to "Mr. Narvin" does not entitle Muro to any relief here.

Finally, Muro objects to the Magistrate Judge's recommendation to deny relief on his claim of ineffective assistance of his PCRA counsel and on his claim that the state court erred in not conducting an evidentiary hearing. These objections have no merit. A claim of ineffective assistance of PCRA counsel is not cognizable in a federal habeas corpus petition because the right to effective assistance of PCRA counsel exists pursuant to state law, and is not mandated by the Constitution or laws or treaties of the United States. See e.g., Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.")) And, as the Magistrate Judge explained, the issue of whether a PCRA petitioner is entitled to an evidentiary hearing is a question of state law that is not subject to review by a federal court. See e.g., Preister, 382 F.3d at 402. Moreover, even if the state court erred as a matter of state law in not granting an evidentiary hearing, Muro would not be entitled to habeas corpus relief because errors in the course of a state's post conviction process simply are not cognizable in a federal habeas petition. Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) ("The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation. . . . Federal habeas

power is 'limited . . . to a determination of whether there has been an improper detention by virtue of the state court judgment.'")

Accordingly, for the foregoing reasons, the Court overrules Muro's objections to the Magistrate Judge's recommendation and the following Order is issued:

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**;

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 16) of Magistrate Judge Amy Reynolds Hay, dated September 7, 2006, is adopted as the opinion of the Court, as supplemented herein.

**IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the petitioner desires to appeal from this Order, he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed.R.App.P.

_____
Thomas M. Hardiman
United States District Court Judge

cc:   All parties of record